IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER J. EDWARDS,            )
                                   )
            Plaintiff,             )
                                   )  CIVIL ACTION
v.                                 )
                                   )  No. 09-2120-CM-GBC
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
            Defendant.             )
_____)

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding the administrative record before this court is incomplete, the court recommends the Commissioner's decision be REVERSED and judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.  Background**

Plaintiff applied for DIB and SSI in May and June 2005, alleging disability beginning March 3, 2003. (R. 15). The application was denied initially, and plaintiff requested a

hearing before an administrative law judge (ALJ). Id. Plaintiff's request was granted, and plaintiff appeared with counsel for a hearing before administrative law judge (ALJ) William G. Horne on May 17, 2007. (R. 15). At the hearing testimony was taken from plaintiff and from a vocational expert. Id. On June 21, 2007, ALJ Horne issued a decision finding plaintiff was not disabled within the meaning of the Act from Mar. 3, 2003 through the date of his decision, and denying plaintiff's applications. (R. 15-26).

Specifically, the ALJ found that plaintiff was insured for DIB through December 31, 2007, that plaintiff has not engaged in substantial gainful activity since March 3, 2003, and that he has severe impairments of disorder of the cervical spine and bipolar disorder, but that plaintiff's impairment or combination of impairments does not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart. P, Appendix 1. The ALJ gave "some, but not controlling, weight" to the opinions of the state agency, and of Dr. Striebinger, and Dr. Vaughan, and determined that plaintiff's allegations of symptoms are not credible. (R. 24). He assessed plaintiff with the residual functional capacity (RFC) to perform a range of light exertional work, limited to simple, repetitive, routine work that is as stress free as possible. He found plaintiff cannot move his neck laterally or repetitively, cannot drive or be exposed to extreme

heat or high humidity, cannot grip tubes or tubular shaped objects, and can only occasionally crawl, kneel, and crouch. (R. 18). Based upon this RFC assessment, the ALJ determined plaintiff is unable to perform any past relevant work. (R. 24-25). Taking into account the RFC assessed, and plaintiff's age, education, and work experience, the ALJ determined there is work available in significant numbers in the economy of which plaintiff is capable. (R. 25-26). Consequently he determined plaintiff is not disabled, and denied his applications. (R. 26).

Plaintiff disagreed with the ALJ's decision and sought, but was denied, review by the Appeals Council. (R. 4-9, 11, 408-09). Therefore, the June 21, 2007 decision is the final decision of the Commissioner. (R. 4); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review.

**II. Legal Standard**

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance,

and it is such evidence as a reasonable mind might accept to support a conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id.

The Commissioner uses a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520,

416.920 (2007); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has severe impairments, and whether the severity of his impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. If plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform his past relevant work, and whether, when considering vocational factors (the claimant's age, education, and past work experience), he is able to perform other work in the economy. Williams, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001);

Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the national economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff's only affirmative allegation of error is that the ALJ's credibility finding is not supported by substantial evidence. (Pl. Br. 22). He also claims that the transcript of the vocational expert's hearing testimony is missing from the record and therefore the case must be remanded even if the court finds no error as alleged in the credibility finding. Id. at 30. The Commissioner argues that the credibility finding was proper, but admits that the transcript of the recording of the vocational expert testimony is missing from the record. The Commissioner makes no argument and provides no authority regarding the course the court should take as a result of the incomplete hearing recording, and merely argues that "If the court cannot affirm the Commissioner's final decision, the proper remedy is remand for further consideration and not for payment of benefits." (Comm'r Br. 14). Because the court finds remand is necessary in this case due to an incomplete administrative record, it will not make the necessarily-deferential analysis of the ALJ's credibility determination.

**III. Analysis**

Plaintiff cites no legal authority for his assertion that remand is necessary because the administrative record is incomplete, but the Commissioner makes no contrary argument whatever. In reviewing a decision of the Commissioner of Social Security, the court must "meticulously examine the record." E.g., Wall v. Astrue, 561 F.3d 1048, 1052, 1072 (10th Cir. 2009); Flaherty v. Astrue, 515 F.3d 1067, 1070 (10th Cir. 2007); Goatcher v. Dep't of Health and Human Servs., 52 F.3d 288, 289 (10th Cir. 1995); Williams, 844 F.2d at 750; Hill v. Astrue, 526 F. Supp. 2d 1223, 1228 (D. Kan. 2007); Towenson ex rel. Mickeal v. Apfel, 16 F. Supp. 2d 1329, 1331 (D. Kan. 1998); Pace v. Shalala, 893 F. Supp. 19, 20 (D. Kan. 1995).

Therefore, the court has held that:

> The entire administrative record is a necessary part of appellant's record on appeal. As the 10th Circuit recently explained in Goatcher, "[b]ecause this area of law is fact-specific and our standard of review is deferential to the Secretary, the complete administrative record is required whether appellant argues that the findings are not supported by substantial evidence or that incorrect legal standards were applied."

Pace, 893 F. Supp. at 20.

The court has the authority to remand a case for further consideration if it is unable to exercise meaningful or informed judicial review because of an inadequate administrative record. Harrison v. PPG Industries, Inc., 446 U.S. 578, 594 (1980). However, there is no per se denial of due process of law merely

because the administrative record is incomplete.  Brady v. Apfel, 41 F. Supp. 2d 659, 668 (E.D. Tex. 1999).  The Tenth Circuit has held that the court will not remand merely for a ministerial correction.  Wilson v. Sullivan, No. 90-5061, 1991 WL 35284, *2 (10th Cir. Feb. 28, 1991).  "The touchstone is whether the administrative record that does exist permits meaningful judicial review."  Brady, 41 F. Supp. 2d at 668.  In a line of cases stretching back at least to 2001, this court has held that where the ALJ's findings were derived from information the Commissioner failed to include in the record before the court, the court is unable to engage in meaningful judicial review, and the case must be remanded.  Hill, 526 F. Supp. 2d at 1228; Burton v. Barnhart, No. 06-1051-JTM, 2006 WL 4045937 *5 (D. Kan. Nov. 1, 2006); Johnson v. Barnhart, No. 03-1115-JTM 2004 WL 5605982 *3 (D. Kan. May 24, 2004); Rogge v. Barnhart, No. 01-1383-WEB, report and recommendation (D. Kan. Nov. 27, 2002) adopted by the district court (Jan. 13, 2003); Booker v. Massanari, No. 00-1141-WEB, report and recommendation (D. Kan. Sept. 25, 2001) adopted by the district court (Oct. 22, 2001).

    None of the decisions cited above addressed a situation such as that presented here, where a portion of the record upon which the ALJ relied in making his decision is missing, but in which plaintiff points to no error or even irregularity in the decision which relates to the missing portion of the record or the

-8-

decision based thereon. The court notes that there may be a basis to argue that where plaintiff points to no specific error in the Commissioner's decision relating to the missing portion of the record, plaintiff has shown no prejudice, and remand merely to correct the missing portion of the record is not required. See, Bailey v. Heckler, 576 F. Supp. 621, 624 (D.D.C. 1984)("When the record is incomplete on a <u>dispositive</u> factual issue, there is an inadequate basis on which the court can review the Secretary's determination. Therefore, the appropriate remedy is remand")(emphasis added). But, the Commissioner did not make that argument.

In this case, the ALJ relied upon the vocational expert's testimony to determine plaintiff is unable to perform his past relevant work and to determine plaintiff is able to perform certain representative occupations existing in the economy. (R. 24-26). Consequently, it is clear the missing portion of the hearing recording and transcript is material to the ALJ's decision, and in such cases, this court has frequently remanded for a new hearing. Plaintiff has not attempted to show prejudice resulting from the missing portion of the record, but the Commissioner does not argue that fact, or that remand is unnecessary or unhelpful in this case. Finding the missing portion of the record is material to the ALJ's decision and

consequently is material to judicial review of that decision, the court recommends remand to complete the record.

Because remand is necessary to complete the record, the court will not address plaintiff's argument that the ALJ erred in his credibility determination. Plaintiff may make his credibility arguments to the adjudicator on remand.

**IT IS THEREFORE RECOMMENDED** that the decision below be REVERSED and judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings in accordance with this decision.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within fourteen days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 30th day of June 2010, at Wichita, Kansas.

s:/ Gerald B. Cohn
**GERALD B. COHN**
**United States Magistrate Judge**